UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**NATHANIEL BATISTE**　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　　**NO. 24-210-SDD-RLB**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**

**ORDER**

Before the Court is State Farm and Fire Casualty Company's ("Defendant") Motion to Compel Responses to Discovery (the "Motion"). (R. Doc. 18). Nathaniel Joseph ("Plaintiff") has not filed an opposition. The Motion is therefore deemed unopposed.

**I.    Background**

On August 29, 2023, Plaintiff filed suit against Defendant for breach of contract and violations of La. R.S. 22:1892 and 1973, alleging Defendant failed to properly compensate Plaintiff for certain property damaged during Hurricane Ida. (R. Doc. 1-5). On October 31, 2023, Defendant sent Plaintiff the following Requests for Admission ("RFA(s)"):

> **REQUEST FOR ADMISSION # 1:**
> Admit that the total amount in controversy of this case exceeds the sum or value of $75,000.00, inclusive of all actual damages, exemplary damages, statutory penalties, and attorney fees, exclusive of costs and judicial interest.
>
> **REQUEST FOR ADMISSION # 2:**
> Admit that the total amount in controversy of this case exceeds the sum or value of $50,000.00, inclusive of all actual damages, exemplary damages, statutory penalties, and attorney fees, exclusive of costs and judicial interest.

(R. Doc. 18-1 at 3). Plaintiff did not respond to these RFAs, despite a reminder. (R. Doc. 18-3).

Defendant therefore removed the case to this Court on March 15, 2024, asserting that the parties

1

were diverse and that the RFAs were deemed admitted under Fed. R. Civ. P. 36[1] so that the amount-in-controversy was shown to be above $75,000. (R. Doc. 1). After removal, the parties exchanged initial disclosures on or around July 12, 2024 and July 18, 2024. (R. Doc. 18-6 at 1).

On November 12, 2024, in compliance with Fed. R. Civ. P. 26(d)(1), Defendant propounded its First Set of Interrogatories and its First Set of Requests for Production ("RFP(s)"). (R. Doc. 18-4). When Plaintiff did not respond, Defendant's counsel emailed Plaintiff's counsel on March 10, 2025 to schedule a Fed. R. Civ. P. 37 conference for March 17, 2025. (R. Doc. 18-5). Plaintiff's counsel again did not respond. Likewise, Plaintiff's counsel did not answer when Defendant's counsel called on March 17, 2025 or provide any other date to confer. (R. Doc. 18 at 2). The discovery was still not provided. Consequently, Defendant filed the instant Motion, seeking to compel responses to the RFAs, the Interrogatories, and the RFPs.

Defendant is also asking this Court to assess Plaintiff with all costs and attorney's fees associated with the Motion and to dismiss Plaintiff's claims, with prejudice, if Plaintiff does not provide responses.

This Court will handle any dismissal request upon specific motion should Plaintiff fail to comply with this order, and at this time will only address whether responses may be compelled and whether Plaintiff should be assessed costs and attorney's fees.

## II.    Law and Analysis

### A.    Legal Standards

If a party fails to respond fully to written discovery requests in the time allowed by the parties or by the Federal Rules of Civil Procedure, the party seeking discovery may move to

---

[1] As the RFAs became due prior to removal, they were deemed admitted under La. C.C.P. art. 1467, not Fed. R. Civ. P. 36. Discovery may only be compelled or deemed admitted under the Federal Rules of Civil Procedure if the discovery is propounded after removal. Otherwise, it would be premature under Fed. R. Civ. P. 26(d)(1).

compel responses. *See* Fed. R. Civ. P. 37. An "evasive or incomplete . . . response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a). "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). A court must limit the frequency or extent of discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

    **B.**     **Rule 37 Conference**

Motions to compel must include a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37. The motion establishes that Defendant's counsel attempted to resolve the discovery dispute without court involvement. Plaintiff's counsel was completely unresponsive and has provided no explanation to the Court or opposing counsel for his failure to participate in the attempted Rule 37 conference.

C.  **The RFAs**

Once an action is removed, it is governed by federal rather than state procedure. *See* Fed. R. Civ. P. 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal"); *Willy v. Coastal Corp.*, 503 U.S. 131, 134 (1992) ("This expansive language creates no exceptions"). This Court cannot, therefore, employ federal procedure, as requested by Movants, to compel Plaintiff to respond to pre-removal discovery requests that complied only with state discovery procedure. *See Menard v. Midwest Med. Supply Co.*, No. 11-01517, 2012 WL 5900744, at *1 (W.D. La. Nov. 21, 2012) ("[B]ecause Plaintiffs filed their discovery requests in state court, the requests at issue were not filed under Fed. R. Civ. P. 34. This Court may not compel the production of documents which were requested under state law[.]") (citations and quotations omitted).

Propounded prior to removal, Defendant's RFAs comply with the Louisiana Code of Civil Procedure, not the Federal Rules of Civil Procedure. While the RFAs may have been timely under state law, they were premature under Fed. R. Civ. P. 26(d)(1). *See Cowboy Mouth, LLC v. Monkey Hill Productions, Inc.*, No. 98-2615, 1998 WL 781234, at *1 (E.D. La. Nov. 4, 1998) (denying a motion to compel responses to discovery served in state court before removal). This Court therefore cannot compel responses to the RFAs, but it does note that the RFAs were deemed admitted under Louisiana law when no response was provided by November 30, 2023.

D.  **The Interrogatories and RFPs**

Responses to the interrogatories and RFPs, however, may be compelled under federal law because they were propounded after the case was removed and after a Rule 26(f) conference occurred. This Court finds that, on their face, the subject interrogatories and RFPs seek relevant information proportional to the needs of the case. As Plaintiff failed to provide any responses

4

within the time required under federal law and has failed to file an opposition, his responses may be compelled.

Furthermore, as Plaintiff failed to timely object to the written discovery requests, this Court finds Plaintiff waived his objections to the written discovery requests, except for those pertaining to privileges or immunities. *See In re United States*, 864 F. 2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, [RFP]s, or other discovery efforts, objections thereto are waived."); *see also B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (waiver of all objections "not grounded on the attorney client or the work product privilege.").

### E. Costs and Fees

Plaintiff's counsel failed to submit to a Fed. R. Civ. P. 37 conference with Defendant's counsel, despite the fact that Defendant waited over a month to file the Motion after a Fed. R. Civ. P. 37 conference was attempted. It has also been eight months since discovery was sent to Plaintiff on November 12, 2024. (R. Doc. 18-4). Considering that the Motion has been granted and considering Plaintiff's and Plaintiff's counsel's dilatory conduct regarding discovery, this Court finds Defendant is entitled to an award of reasonable attorney's fees and costs incurred in bringing its Motion. *See* Fed. R. Civ. P. 37(a)(5) ("If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

### III.  Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Compel Responses to Discovery (R. Doc. 18) is **GRANTED**. Plaintiff shall provided complete responses to the interrogatories and requests for production at issue without objections other than those pertaining to any applicable privileges or immunities, within 7 days of the date of this order.

**IT IS FURTHER ORDERED** that Defendant is entitled to an award of the reasonable attorney's fees and costs incurred in bringing[2] its Motion (R. Doc. 18). Plaintiff or Plaintiff's counsel shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or agree to a reasonable amount of attorney's fees and costs, Plaintiff and/or counsel shall pay that amount;

(2) If the parties do not agree to a resolution, Defendant may, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within **7 days** of the filing of Defendant's Motion for Fees and Costs, file any opposition pertaining to the imposition of the amounts requested by Defendant.

Signed in Baton Rouge, Louisiana, on July 17, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Fee and cost compensation does not include the costs and fees related to discovery conferences. Only the costs and fees associated with the time and efforts used in drafting, filing, and/or litigating a motion to compel are recoverable.